IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRIDE MANUFACTURING COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. _____ |
| v. | ) ) |
| EVOLVE GOLF, INC., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Pride Manufacturing Company, LLC ("Pride"), for its Complaint for Declaratory Judgement against Defendant Evolve Golf, Inc. ("Evolve Golf"), alleges as follows:

### Nature of the Action

1. This is an action for declaratory judgment of non-infringement and invalidity of a United States design patent, a United States registered trademark, and other federal, state, and common law claims of trademark infringement and unfair competition. It is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for such further and other relief as the Court deems just and proper.

### The Parties

2. Plaintiff Pride is a Delaware limited liability company with a principal place of business at 155 Franklin Road, Suite 250, Brentwood, TN 37027.

3. On information and belief, Defendant Evolve Golf is a Delaware corporation with a principal place of business at 15 Court 5 NW Dr., Carolina Shores, NC, 28467.

**Evolve Golf's July 21, 2015 Demand Letter to Pride**

4. In a letter dated July 21, 2015 to Mr. Joe Zeller (the "July 21 Letter"), Sara Bauer, self-identified counsel for Evolve Golf, asserted that Evolve Golf owned design patent U.S. Patent No. D502,972 (the "'972 Patent") and U.S. Trademark Registration No. 3280419 (the "'419 Mark") for EVOLVEGOLF. A true and correct copy of the '972 Patent is attached as Exhibit A. A true and correct copy of the '419 Mark is attached as Exhibit B.

5. Mr. Joe Zeller is the President of Pride.

6. The July 21 Letter stated that Pride was "selling and marketing nearly identical composite golf tees under the mark EVOLUTION . . . . Like Evolve's tees, your EVOLUTION-branded tees are a composite tee which feature four raised posts that hold the ball to reduce friction. Like Evolve's tees, your EVOLUTION-branded tees feature colored stripes on the shaft to indicate the perfect tee height. As such, your product appears virtually identical to Evolve's golf tees."

7. The July 21 Letter further states that "[t]he striking similarities between the marks EVOLUTION and EVOLVE, together with the similarities in the design of these products, is causing customer confusion."

8. The July 21 Letter stated that Pride's "actions infringe on Evolve's intellectual property." The July 21 Letter further stated that Pride's actions "constitute intentional trademark infringement and unfair competition in violation of federal, state and common law."

9. The July 21 Letter concluded by demanding that Pride, inter alia, immediately "[c]ease any and all use of the mark EVOLUTION" and "[c]ease use of the four-post golf tee design currently used."

10. Evolve Golf followed up on the July 21 Letter with another letter from Sara Bauer to Ira Edell, counsel for Pride, dated October 23, 2015. This letter maintained Evolve Golf's demands upon Pride.

11. Pride has not infringed and does not infringe any valid claims of the '972 Patent.

12. Pride has not infringed and does not infringe the '419 Mark.

13. Pride has not and does not violate any federal, state, or common law trademark or unfair competition law with respect to EVOLVEGOLF or EVOLVE.

14. Evolve Golf's July 21 Letter and included assertions, along with the October 23, 2015 follow up letter, provide a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## Jurisdiction and Venue

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Lanham Act, 15 U.S.C. § 1051, *et seq*. Evolve Golf purports to be the owner of all rights to the '972 Patent, the '419 Mark and other federal, state, and common law trademarks. Pride has not infringed, and does not infringe, any valid and enforceable claim of the '972 Patent, the '419 Mark, or any other trademark owned by Evolve Golf. A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

16. This Court has personal jurisdiction over Evolve Golf in this action as Evolve Golf is a corporation organized under and subject to the laws of Delaware.

17. This Court also has personal jurisdiction over Evolve Golf as Evolve Golf has contacts with this forum sufficient to satisfy specific or general jurisdiction under the Delaware Long-Arm Statute (10 Del. C. § 3104(c)) and the Due Process Clause. In addition to

being incorporated in Delaware, Evolve Golf does substantial business in Delaware and, on information and belief, sells substantial products through retailers in Delaware such as Golfsmith at 60 Goeffrey Drive, Newark, DE 19713; Dick's Sporting Goods, 1000 Brandywine Parkway, Wilmington, DE 19803; Golf Galaxy, 1295 New Churchman's Road, Newark DE 19713; and Dick's Sporting Goods, 100 Center Drive Christiana Center, Newark, DE 19702.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## Count One
### Declaratory Judgment of Non-Infringement of the '972 Patent

19. Pride incorporates by reference the allegations set forth in paragraphs 1-18 above as if fully set forth herein.

20. Pride has not infringed and does not infringe any valid and enforceable claim of the '972 patent.

21. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

22. A judicial declaration is necessary and appropriate so that Pride may ascertain its rights with respect to the '972 Patent.

## Count Two
### Declaratory Judgment of Invalidity of the '972 Patent

23. Pride incorporates by reference the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

24. The '972 Patent is invalid for failure to meet the conditions of patentability or otherwise comply with the provisions of one or more of 35 U.S.C. § 100 *et seq*.

25. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

26. A judicial declaration is necessary and appropriate so that Pride may ascertain its rights with respect to the '972 Patent.

## Count Three
### Declaratory Judgment of Non-Infringement of the '419 Mark

27. Pride incorporates by reference the allegations set forth in paragraphs 1-26 above as if fully set forth herein.

28. Pride has not infringed the '419 Mark.

29. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

30. A judicial declaration is necessary and appropriate so that Pride may ascertain its rights with respect to the '419 Mark.

## Count Four
### Declaratory Judgment of Non-Infringement of Any Federal, State, or Common Law Trademark Rights and No Unfair Competition with EVOLVEGOLF and EVOLVE

31. Pride incorporates by reference the allegations set forth in paragraphs 1-30 above as if fully set forth herein.

32. Pride has not infringed any Federal, State or Common Law Trademark Rights or Unfairly Competed with EVOLVEGOLF or EVOLVE.

33. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

34. A judicial declaration is necessary and appropriate so that Pride may ascertain its rights with respect to the asserted federal, state, and common law rights to EVOLVEGOLF and EVOLVE.

### Prayer for Relief

WHEREFOR, Pride prays for judgment as follows:

A. a declaration that Pride has not infringed and does not infringe any claim of the '972 Patent;

B. a declaration that the claim of the '972 Patent is invalid;

C. a declaration that Pride has not infringed and does not infringe the '419 Mark;

D. a declaration that the '419 mark is unenforceable

E. a declaration that Pride has not infringed and does not infringe any federal, state, or common law trademark right and has not competed unfairly with EVOLVEGOLF and EVOLVE.

F. a finding that this case is an exceptional case, and award Pride its attorneys' fees pursuant to 35 U.S.C. § 285;

G. an award of Pride its costs and expenses; and

H. such further and other relief as this Court deems just and equitable.

### Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Pride hereby demands a trial by jury for all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paul Saindon*
Maryellen Noreika (#3208)
Paul Saindon (#5110)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mnoreika@mnat.com
psaindon@mnat.com
  *Attorneys for Pride Manufacturing
  Company LLC*

November 9, 2015
9612082