IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRIDE MANUFACTURING COMPANY, LLC<br><br>   Plaintiff,<br><br> v.<br><br>EVOLVE GOLF, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) Civ. No. 15-1034-SLR<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

At Wilmington this ___ day of October, 2016, having reviewed the motion to dismiss for lack of subject matter jurisdiction (D.I. 14) filed by defendant Evolve Golf, Inc. ("Evolve"), and the motion for declaratory judgment of non-infringement (D.I. 12) filed by plaintiff Pride Manufacturing Company, LLC ("Pride"), and the papers filed in connection therewith; the court issues its decision based on the following reasoning:

1. **Background.** On November 9, 2015, Pride brought an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. D502,972 ("the "972 patent") and U.S. Trademark Registration No. 3280419 ("the "419 mark") against Evolve. (*Id.* at ¶ 1) On February 24, 2016, Evolve answered the complaint, asserted counterclaims of trademark infringement, and unequivocally admitted that Pride's golf tees do not infringe the '972 patent. (D.I. 6 at ¶¶ 11, 20) Responding to Pride's concerns regarding Evolve's admission of non-infringement, Evolve sent Pride a release and covenant not-to-sue. (D.I. 17, 20) Presently before the court is Evolve's motion to dismiss for lack of subject matter jurisdiction and Pride's motion for declaratory

judgment of non-infringement. (D.I. 12, 14) The court has jurisdiction pursuant to 28 U.S.C §§ 1331 and 1338(a).

2. Pride is a Delaware limited liability company with its principal place of business in Brentwood, Tennessee. (D.I. 1 at ¶ 2) Evolve is a Delaware corporation with its principal place of business in Carolina Shores, North Carolina. (*Id.* at ¶ 3)

3. The '972 patent is a design patent for an ornamental design of a golf tee. The drawings depict four raised posts to hold the golf ball. (D.I. 1, exhibit B) Pride received a demand letter from Evolve dated July 21, 2015 (the "July 21 letter") stating Pride was

> selling and market[ing] nearly identical golf tees under the mark EVOLUTION . . . . Like Evolve's tees, your EVOLUTION-branded tees are a composite tee which feature four raised posts that hold the ball to reduce friction. Like Evolve's tees, your EVOLUTION-branded tees feature colored stripes on the shaft to indicate the perfect tee height. As such, your product appears virtually identical to Evolve's golf tees.

(*Id.* at ¶ 6) The July 21 letter further stated that customers were confused between the two products due to the design similarities, and that Pride infringed on Evolve's intellectual property, specifically the '972 patent and the '419 mark. (*Id.* at ¶ 7, 8) The July 21 letter concluded with a demand for Pride to stop using the EVOLUTION mark and the four-post golf tee design. (*Id.* at ¶ 9) Evolve sent a follow-up letter to counsel for Pride maintaining its demands. (*Id.* at ¶ 14)

4. **Standard.** Not only may the lack of subject matter jurisdiction be raised at any time, it cannot be waived and the court is obliged to address the issue on its own motion. *Cisco Sys., Inc. v. Sprint Commc'ns Co., L.P.*, 2016 WL 690939, at *1 (D. Del. Feb. 19, 2016); *see also Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 882 (2d Cir. 1995). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Carpet Group Int'l v. Oriental*

*Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact). *See* 2 James W. Moore, *Moore's Federal Practice* § 12.30[4] (3d ed.1997). Under a facial challenge to jurisdiction, the court must accept as true the allegations contained in the complaint. *See id.* Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

5. Under a factual attack, however, the court is not "confine[d] to allegations in the ... complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891–92 (3d Cir. 1977). In such a situation, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group*, 227 F.3d at 69 (quoting *Mortensen*, 549 F.2d at 891).

6. The Declaratory Judgment Act requires an actual controversy between the parties before a federal court may exercise jurisdiction. 28 U.S.C. § 2201(a). An action for declaratory judgment must have an actual controversy existing by a preponderance of the evidence. *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992). An actual controversy is determined by whether "the facts alleged, under all the

circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). An "adverse legal interest" necessitates a dispute regarding a legal right, such as "an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring." *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1374 (Fed.Cir.2011). This is not a bright-line test. *See, e.g., Maryland Cas.*, 312 U.S. at 273; *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007). The Supreme Court has recognized this standard of review will necessarily be fact specific and takes into account all of the relevant circumstances. *See MedImmune*, 549 U.S. at 127; *Cisco Sys., Inc. v. Sprint Commc'ns Co., L.P.*, No. CV 15-431-SLR, 2016 WL 690939, at *1–2 (D. Del. Feb. 19, 2016).

7. **Analysis.** A covenant not-to-sue deprives the court of declaratory judgment jurisdiction relating to claims addressed by the covenant. *See Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir. 1995); *Boston Scientific Corp. v. Johnson & Johnson Inc.*, 679 F. Supp. 2d 539, 544 n.5 (D. Del. 2010). As determined in *Caraco Pharm. Labs., Ltd. v. Forest Labs., Inc.*, 527 F.3d 1278 (Fed. Cir. 2008), "[a] covenant not-to-sue eliminates any reasonable apprehension of suit . . . [of a] patent. If a threat of suit was the only action allegedly taken . . . that effectively excluded [the competitor] from the marketplace, the covenant not-to-sue would moot [the competitor's] case and divest the district court of Article III jurisdiction." *Id.* at 1296.

4

8. Evolve's covenant not-to-sue (as the court reads the document) protects Pride from the threat of future litigation for infringement of the '972 patent by any products that Pride made, used, sold, offered for sale, or imported into the United States on or before May 5, 2016. To put the point another way, by its covenant not-to-sue, Evolve cannot sue Pride for patent infringement based on any existing (on or before May 5, 2016) products. The court is satisfied that, despite the covenant's lack of any specific product descriptions, the covenant meets the purpose of removing any concern of liability for infringement of the patent currently in suit. *See Merck & Co. v. Apotex*, 488 F. Supp. 2d 418 (D. Del. 2007), *aff'd in part, vacated in part,* 287 F. App'x 884 (Fed. Cir. 2008). Evolve's motion for lack of subject matter jurisdiction is granted in this regard.

9. The dismissal of a claim, however, does not automatically resolve the entire case or controversy. *Helios Software, LLC v. SpectorSoft Corp.*, No. CV 12-081-LPS, 2014 WL 4796111, at *11 (D. Del. Sept. 18, 2014), *on reconsideration in part*, No. CV 12-81-LPS, 2015 WL 3622399 (D. Del. June 5, 2015). At bar, a controversy still exists regarding the trademark infringement claims and counterclaims.

10. **Conclusion.** For the foregoing reasons, Evolve's motion to dismiss for lack of subject matter jurisdiction (D.I. 14) is granted. Pride's motion for declaratory judgment of non-infringement (D.I. 12) is denied as moot. An appropriate order shall issue.

*[signature]*
United States District Judge